**IT IS ORDERED**

**Date Entered on Docket: October 13, 2017**

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

EUGENE ARTHUR SCHLAGETER                              Case No.  7-17-11670-TA
*aka* Geno Schlageter
LUCILLA PENNY SANCHEZ-SCHLAGETER
*aka* Lucilla Schlageter
*aka* Lucilla Sanchez

        Debtors.

## DEFAULT ORDER GRANTING JP MORGAN CHASE BANK, NATIONAL ASSOCIATION RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY BY JP MORGAN CHASE BANK, NATIONAL ASSOCIATION LOCATED AT 229 LOREN ROAD HUBERT, NORTH CAROLINA 28539

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to JP Morgan Chase Bank, National Association, filed on September 11, 2017, (DOC 11) (the "Motion") by JP Morgan Chase Bank, National Association ("JPMorgan").  The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    (a)    On September 11, 2017, JPMorgan served the Motion and a notice of the Motion (the "Notice") on Arun A. Melwani, Attorney for Debtor(s) and Yvette J. Gonzales, Trustee (the "Trustee") by use of

the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) Eugene Arthur Schlageter, Lucilla Penny Sanchez-Schlageter, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)  The Motion relates to the property located at 229 Loren Road Hubert, North Carolina 28539, more fully described as:

> BEING ALL OF LOT 21 AS SHOWN ON THE FINAL PLAT OF JACK'S BRANCH, LOTS 19-21 AND 51-55, PHASE 4, RECORDED IN MAP BOOK 60, PAGE 104, SLIDE M-1658, ONSLOW COUNTY REGISTRY

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c)  The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d)  The Notice was sufficient in form and content;

(e)  The objection deadline expired on October 6, 2017;

(f)  As of October 10, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)  The Motion is well taken and should be granted as provided herein; and

(h)  By submitting this Order to the Court for entry, the undersigned counsel for JPMorgan certifies under penalty of perjury that, on the date this Order was presented Rose L. Brand & Associates, P.C. searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), JPMorgan and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtors are a parties, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtors or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, JPMorgan need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtors, in the event that a discharge order is entered. The Debtors can be named as a defendants in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive JPMorgan's claim against the estate for any deficiency owed by the Debtors after any foreclosure sale or other disposition of the Property. JPMorgan may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtors owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. JPMorgan is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtors and to enter into a loan modification with the Debtors.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By:/s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for JPMorgan
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com


Copied to:

Eugene Arthur Schlageter
Lucilla Penny Sanchez-Schlageter
P.O. Box 643
Estancia, NM 87016

Arun A. Melwani
Attorney for Debtors
10749 Prospect Ave. NE Suite F
Albuquerque, NM 87112
Telephone: (505) 323-5800
arun@melwanilaw.com

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700
yjgllc@yahoo.com